## GERARD v. HELVERING, Commissioner.

### Nos. 7, 8.

Circuit Court of Appeals, Second Circuit.

June 4, 1941.

Veronica T. Hyland, of New York City (Joseph W. Kirkpatrick, of New York City, of counsel), for petitioner.

Samuel O. Clark, Jr., Asst. Atty. Gen., Sewall Key and J. Louis Monarch, Sp. Assts. to Atty. Gen., and S. Dee Hanson, Sp. Asst. to Atty. Gen., for respondent.

Before L. HAND, CHASE, and FRANK, Circuit Judges.

PER CURIAM.

The question in this appeal is whether the taxpayer's income shall be charged with the full amount of a gain received in the years 1934 and 1935, or whether the amount shall be computed under the tariff fixed for "capital assets" in § 117(a) of the Revenue Act of 1934, 26 U.S. C.A. Int.Rev.Acts, page 707. In 1930 the taxpayer lent $225,000 to the Apperson Realty Corporation, taking in return a bond and a mortgage upon its property in usual form, except that the mortgagor agreed to pay in addition to six per cent. interest a bonus of ten per cent.—$22,500. It paid off the bond gradually from time to time, and in 1934 discharged the last installment of the principal with interest and $5,000 of the bonus; the remainder, $17,-500, it paid in 1935. The mortgagor carried this bond and mortgage upon its "ledger and record sheets" in three different entries; but no provision was made for registering any transfer of it in any of its books. Nor did the bond and mortgage contain any stipulation that they could be transferred only by registry, or other entry upon the books of the mortgagor.

The taxpayer bases her claim upon § 117(f) of the Act of 1934, on the theory that the obligation "retired" fell within the clause, "other evidences of indebtedness issued by any corporation * * * with interest coupons or in registered form." Since the bond had no coupons she cannot succeed unless it was "in registered form," a phrase whose meaning in this context is entirely plain. It refers to the common practice in the issuance of corporate bonds which allows the holder of one or more

coupon bonds of a series the option to surrender them and have one bond "registered" upon the books of the obligor or of a transfer agent; or the holder may subscribe for such a bond in the first place. The purpose is to protect the holder by making invalid unregistered transfers, and the bond always so provides upon its face. The mere fact that the debtor keeps books of account upon which the debt appears is altogether immaterial; to construe the statute as the taxpayer asks would in effect make the payment of any corporate debt— "evidence of indebtedness"—a "retirement" of "capital assets," for almost all corporations keep books. It is scarcely necessary to labor the answer to so plain a misinterpretation.

Order affirmed.