**DURBIN v. BIRMINGHAM, Collector of Internal Revenue.**

Civ. No. 919.

United States District Court
S. D. Iowa, Central Division.

Sept. 14, 1950.

George D. Sullivan, Des Moines, Iowa, for plaintiff.

Wm. R. Hart, U. S. Atty., Iowa City, Iowa, Theron Lamar Caudle, Asst. Atty. Gen. and Andrew D. Sharpe, George R. Parsons and Ruppert Bingham, Sp. Assts. to Atty. Gen., for E. H. Birmingham, Collector.

SWITZER, District Judge.

Plaintiff in her capacity as executrix of the estate of her husband, Fred Durbin, seeks here to recover income taxes paid by her husband for the tax years 1943, 1944 and 1945, in the total amount of $620.37, on the ground that the Collector failed to allow proper deductions to the taxpayer for a loss occurring in 1942 resulting from the sale of decedent's farm land in Colorado by the County for unpaid taxes thereon.

The cause was heard on its merits in open court at Des Moines, Iowa, on the pleadings and on the evidence consisting of the testimony of the plaintiff, widow of the taxpayer, together with exhibits and upon stipulation of the parties. Argument was had by written briefs, and upon this submission the court makes the following:

Findings of Fact.

1. Fred Durbin, deceased in 1946, husband of the plaintiff, had been engaged in the banking business at Malvern, Iowa, for more than 40 years prior to his death.

2. During his lifetime, aside from his occupation in a bank at Malvern, Iowa, he had operated a 240 acre farm in the vicinity where he fed cattle; that he had owned another farm in that area but lost it through mortgage foreclosure; and in conjunction with several others he had owned land in South Dakota, purchased in 1920 and sold in 1946.

3. In 1908 Fred Durbin purchased 306 acres of land in Weld County, Colorado, for $15,300, including the water rights in the sum of $50 an acre, which transaction alone is the basis for the claimed deduction in controversy between the parties.

4. That during the period from 1908 to 1942 this Colorado property was rented to various individuals on a crop sharing contract, but with no personal control or management exercised on the part of Mr. Durbin over such farming operations.

5. There was at one time a small house or shack with a few sheds used by renters, located upon the Colorado land. It was, however, stipulated between the parties that as of the years in question here there were no improvements upon this land. No depreciation was ever claimed by Mr. Durbin in his lifetime nor was the property an item of inventory by the taxpayer.

6. That during some of these years Mr. Durbin received small amounts of income from the Colorado land, and the same was held by him for the production of income.

7. That on Feb. 16, 1942, said Colorado land was sold by the County for taxes and the actual loss sustained by the deceased on this investment was $15,300.

8. Mr. Durbin in his lifetime made and filed federal income tax returns for the years in question, claiming this loss in its entirety as a net operating loss and carried portions thereof forward for the years 1943 and 1944.

9. After investigation of these returns the Commissioner of Internal Revenue determined that the loss incurred by the tax sale was an ordinary loss and not a capital loss which could be carried over into the following years but was deductible in full for the year 1942 and therefore assessed deficiency taxes for the years 1943 and 1944, which were paid from the estate of Fred Durbin.

10. On July 8, 1947, the estate of Fred Durbin filed amended income tax returns on behalf of the deceased disclosing taxes due for the years 1943, 1944 and 1945 in the sum of $620.37 less than those assessed by the Commissioner, and on the same date claims for refunds were filed to recover said amounts.

11. The estate of Fred Durbin, deceased, is closed and terminated. Mrs. Mary Durbin, individually, is the sole owner of the claim for refund.

### Conclusions of Law.

1. That the claim for refund on the part of the plaintiff has been duly rejected by the defendant and this court has jurisdiction of the subject matter of the action.

2. That the Colorado land was acquired and held by Fred Durbin, deceased, since the year 1908 as a capital investment and capital asset, and was not property used in his trade or business.

3. That the said Colorado land was not the subject of depreciation or an item of inventory.

4. That the loss occasioned on the sale by the County of said Colorado land for unpaid taxes in 1942 was the loss of a capital asset of the taxpayer and not an ordinary loss, and the taxpayer should be allowed an income tax deduction for a capital loss accordingly.

5. That the burden of proving the findings of fact and conclusions of law herein contained has been borne and sustained by the plaintiff.

6. This action was brought in the name of Mrs. Mary Durbin, Executrix of the Estate of Fred Durbin, Deceased. It is admitted by the pleadings that Mrs. Mary Durbin, individually, is the sole owner of the claim in suit and is therefore the real party in interest. Inasmuch as the Estate of Fred Durbin, Deceased, has been closed and the executrix discharged by the State court, this court should substitute Mrs. Mary Durbin, Individually, as party plaintiff for the existing named plaintiff, in accordance with the agreement between the parties.

7. Judgment should be entered in favor of Mrs. Mary Durbin against the defendant in the sum of $620.37, with interest at the rate of 6 per cent. per annum from February 11, 1947.

### Discussion.

The controlling statute here is: "The term 'capital assets' * * * does not include * * * real property used in the trade or business of the taxpayer; * * *."

Sec. 117(a) (1) of the Internal Revenue Code, Sec. 117(a) (1), Title 26 U.S.C.A.

The taxpayer had originally considered the loss from the sale of the Colorado land through tax sale in 1942 as a net operating loss for which he could carry over the unused portion of the deduction therefor in his returns for 1943 and 1944. The Government determined that the loss was an ordinary loss for which a deduction was only permitted for the year in which the loss occurred, or for 1942 alone, under Section 23 of the Revenue Code, 26 U.S.C.A. § 23, as follows:

"§ 23. Deductions from gross income. In computing net income there shall be allowed as deductions: * * *

"(e) Losses by individuals. In the case of an individual, losses sustained during the taxable year and not compensated for by insurance or otherwise—

"(1) if incurred in trade or business; or

"(2) if incurred in any transaction entered into for profit, though not connected with the trade or business; * * *."

Plaintiff supports her contention that the tax sale of the Colorado land represented a capital asset loss and not the loss of an ordinary asset by the opinion of the Supreme Court in Helvering v. Hammel, 311 U.S. 504, 61 S.Ct. 368, 85 L.Ed. 303, 131 A.L.R. 1481, which held, quoting from the syllabus: "A loss sustained by an individual taxpayer upon the foreclosure sale of an interest in real estate which he had acquired for profit, held, in computing taxable income under the Revenue Act of 1934, deductible only to the limited extent allowed by §§ 23(j) and 117(d) for losses from 'sales' or exchanges of capital assets, and not in full under § 23(e) (2)." And many other cases of this import are cited.

The Government states that these authorities on which plaintiff relies, except Boomhower v. United States, D.C.N.D.Iowa, 74 F.Supp. 997, are no longer of any significance as they were decided prior to the 1942 amendment to Section 117 of the Internal Revenue Code, and Section 117(j) now excludes from the definition of capital assets real property used in the trade or business of the taxpayer.

The leading case for this position of the Government is Hazard v. Commissioner, 7 T.C. 372, where the taxpayer, an attorney, listed as deductible for income tax purposes the entire loss occasioned by the sale of his residence in Kansas City after he had moved to Pittsburgh and the residence was rented for about three years. The Tax Court concluded that the residence property was used in the trade or business of the taxpayer and hence a full deduction was allowable as an ordinary loss in the year in which it occurred, under Sec. 23(e) (1). Counsel for the Government insist that under the rationale of this ruling of the Tax Court the loss occurred by Mr. Durbin here was an ordinary loss.

I must conclude that the ruling in the Hazard case is not controlling upon the instant situation. As was stated by the Tax Court in discussing whether the Kansas City residence was or was not a capital asset, the court said: "The purpose of this amendment was to obviate the difficulty of allocating the capital gains and losses between the land and buildings; the land theretofore having been treated as a capital asset and the improvements as noncapital assets."

In the instant case the Colorado land must, by stipulation of the parties, be considered an unimproved piece of land. No difficulty arises between the classification of the improvements and the raw land, such as existed in the Hazard case. This property was purchased in 1908 and continuously owned throughout the intervening years by Mr. Durbin. From the evidence I must conclude that the buying and selling of real estate, including the Colorado land, was not a part of the trade or business of the taxpayer. This land, being unimproved, was not depreciable for income tax purposes and clearly was not an item of inventory of the taxpayer. The purpose, however, for which it was held by him was for the production of income. The loss, therefore, on the tax sale was deductible under the provisions of Section 117(e) and (j), which read, so far as material:

"§ 117(e) Capital loss carry-over. (1) Method of computation.

"If for any taxable year beginning after December 31, 1941, the taxpayer has a net capital loss, the amount thereof shall be a short-term capital loss in each of the five succeeding taxable years to the extent that such amount exceeds the total of any net capital gains of any taxable years intervening between the taxable year in which the net capital loss arose and such succeeding taxable year. * * *"

"§ 117(j) * * * Definition of property used in the trade or business. For the purposes of this subsection, the term 'property used in the trade or business' means property used in the trade or business * * * which is not (A) property of a kind which would properly be includible in the inventory of the taxpayer if on hand at the close of the taxable year,

or (B) property held by the taxpayer primarily for sale to customers in the ordinary course of his trade or business."

While the Government's brief states that the opinion of the Tax Court in Hazard v. Commissioner, supra, was cited with approval in Albright v. United States, 8 Cir., 173 F.2d 339, it seems to the court that the rationale of the latter opinion supports the conclusion of the court here that the loss is a capital loss by Mr. Durbin rather than the Government's contention that it was an ordinary loss.

The court is mindful of the rule—"that an income tax deduction is a matter of legislative grace and that the burden of clearly showing the right to the claimed deduction is on the taxpayer."

Omaha Nat. Bank v. Commissioner, 8 Cir., 183 F.2d 899. I feel that the taxpayer here has sustained that burden. The Clerk will enter the following order:

The above entitled matter came on for hearing on its merits in open court at Des Moines, Iowa. Evidence was adduced and argument had on written briefs, and the court having made its findings of fact and conclusion of law herein;

It is Ordered that Mrs. Mary Durbin be and she is hereby substituted as party plaintiff for the presently named plaintiff.

It is further Ordered, that judgment be entered for the plaintiff in the sum of $620.37, with interest from February 11, 1947, at the rate of six per cent. per annum.

Defendant excepts.