## MATTES v. COMMISSIONER OF INTERNAL REVENUE.

### No. 10252.

United States Court of Appeals
Seventh Circuit.

Dec. 6, 1950.

Joseph J. Mattes, Chicago, Ill., for petitioner.

Hon. Theron L. Caudle, Asst. Atty. Gen., Ellis N. Slack, George D. Webster, Special Assts. to the Atty. Gen., for respondent.

Before MAJOR, Chief Judge, and KERNER and DUFFY, Circuit Judges.

PER CURIAM.

This is a petition to review a decision of the Tax Court in an income tax case involving the years 1943-45. The facts are not in dispute. The question is wholly one of law. The question is whether taxpayer's net short-term capital loss for the year 1941 may be carried over to the taxable years 1943, 1944 and 1945.

In 1941 taxpayer had a net short-term capital loss of $7,757, incurred May 9 and December 12, 1941, and in 1942 a net short-term loss of $1,118. In his income tax return for 1942 he claimed a short-term capital loss of $8,875, the sum of his short-term capital losses for 1941 and 1942. No capital gain having been reported in 1942, the Commissioner allowed taxpayer a $1,000 capital loss against income. In his income tax return for 1943 taxpayer showed a net capital gain of $2,260, against

which he claimed an offset of $7,875 as short-term capital losses for the years 1941 and 1942. The Commissioner, in computing taxpayer's deficiency for 1943, allowed him $118 ($1,118 less $1,000) as a capital loss carry-over for 1942, and disallowed the claimed net short-term capital loss carry-over from 1941. Taxpayer's capital transactions for 1944 showed a net short-term capital loss of $37, and for 1945, a net capital gain of $6,087.

In the Tax Court taxpayer contended and he contends here that in addition to the net short-term capital loss of $37 in 1944 he should be allowed to carry over $963 from his 1941 short-term capital loss, so as to make his net capital loss for the taxable year 1944, $1,000, and that his net capital gain of $6,087 for 1945 should be reduced by that part of the net short-term capital loss which he had not used in computing his income for the taxable years 1943 and 1944. The Tax Court sustained the Commissioner's determination. It held that taxpayer could not carry over the net short-term loss for 1941 to the taxable years 1943, 1944 and 1945.

The right to carry over and deduct the net short-term capital loss suffered in 1941 rests upon § 117(e) (1 and 2) of the 1942 Internal Revenue Act, 26 U.S.C.A. § 117(e) (1, 2). That section provides:

"(e) Capital loss carry-over.

"(1) Method of computation. If for any taxable year beginning after December 31, 1941, the taxpayer has a net capital loss, the amount thereof shall be a short-term capital loss in each of the five succeeding taxable years to the extent that such amount exceeds the total of any net capital gains of any taxable years intervening between the taxable year in which the net capital loss arose and such succeeding taxable year. For purposes of this paragraph a net capital gain shall be computed without regard to such net capital loss or to any net capital losses arising in any such intervening taxable years.

"(2) Rule for application of capital loss carry-over from 1941. The amount of the net short-term capital loss of the last tax-able year beginning in 1941 (computed without regard to amounts treated as short-term capital losses from the preceding taxable year), which is not in excess of the net income for such taxable year, shall, to the extent of the net short-term capital gain for the succeeding taxable year (computed without regard to this paragraph), be a short-term capital loss of such succeeding taxable year."

From a plain and fair reading of the statute it is clear that the right to carry over is limited to net capital losses incurred after December 31, 1941, and must be allowed against $1,000 (or net income, whichever is smaller) of ordinary income in the taxable year, and the balance may then be allowed against net capital gains in the next succeeding taxable year, and in addition, against $1,000 of ordinary income for that year, and so on for a period of five years. And since the Commissioner has allowed taxpayer all of the capital loss carry-over privileges which are permitted by the statute, the decision of the Tax Court must be affirmed. It is so ordered.