**COOPER**

v.

**COMMISSIONER OF INTERNAL REVENUE.**

**No. 6678.**

United States Court of Appeals Fourth Circuit.

Argued Nov. 18, 1953.

Decided Jan. 4, 1954.

Wade H. Cooper, pro se.

William L. Norton, Jr., Sp. Asst. to the Atty. Gen. (H. Brian Holland, Asst. Atty. Gen., Ellis N. Slack and Robert N. Anderson, Sp. Assts. to the Atty. Gen., on the brief), for respondent.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

**PER CURIAM.**

This is the second petition in a case which we remanded to the Tax Court for further findings. See Cooper v. Commissioner, 4 Cir., 197 F.2d 951. Upon the remand, the Tax Court found that the stock of taxpayer in the United States Savings Bank had become wholly worthless prior to December 31, 1941, and that consequently taxpayer could not carry forward any portion of the loss under 23(g) (2) and section 117(e) of the Internal Revenue Code, 26 U.S.C. A. The court held also that the amounts received by taxpayer on the assignments of claims for interest could not be treated as amounts received under 117(f) so that the profit would be subject to taxation as capital gains rather than as ordinary income. The facts are fully set forth in the findings and opinion of the Tax Court and need not be repeated here. We think that they sustain the decision of the Tax Court. That the finding should be upheld to the effect that the stock of taxpayer in the bank became worthless prior to 1941, see Boehm v. Com'r, 326 U.S. 287, 66 S.Ct. 120, 90 L.Ed. 78; Belser v. Com'r, 4 Cir., 174 F.2d 386; Helvering v. Gordon, 4 Cir., 134 F.2d 685; Forbes v. Com'r, 4 Cir., 62 F.2d 571; In re Hoffman, D.C., 16 F.Supp. 391. We would not be justified in giving consideration to matters outside the record upon which taxpayer bases much of his argument.

Affirmed.