# FAIRBANKS *v.* UNITED STATES.

No. 65. Argued February 28, 1939.—Decided March 27, 1939.

Mr. *William Stanley* argued the cause, and *Mr. Arthur F. Driscoll* was on a brief, for petitioner.

Mr. *Andrew D. Sharpe,* with whom *Solicitor General Jackson, Assistant Attorney General Morris,* and *Messrs. Sewall Key* and *Maurice J. Mahoney* were on the brief, for the United States.

By leave of Court, *Messrs. Carroll N. Perkins* and *Leonard A. Pierce* filed a brief on behalf of Frances M. Averill, as *amica curiae,* in support of petitioner.

MR. JUSTICE McREYNOLDS delivered the opinion of the Court.

Both courts below ruled that gain derived by the petitioner from redemption of bonds during 1927, 1928 and

1929 was not "capital gain" within the meaning of the controlling statutes.

No contest now exists concerning the facts. The narrow point as counsel agree is this—Must the redemption of bonds before maturity by the issuing corporation be treated as tantamount to a sale or exchange of capital assets within the meaning of § 208 (a) (1), Revenue Act 1926, and § 101 (c) (1), Revenue Act 1928.[1]

If redemption amounts to sale or exchange, the petitioner's gain was subject to taxation at the twelve and one-half per cent rate; otherwise, under normal and surtax rates.

Payment and discharge of a bond is neither sale nor exchange within the commonly accepted meaning of the words. The courts below found no sufficient reason for disregarding this and rightly applied the statutes under that view.

The Tax Acts of 1921, 1924, 1926, 1928 and 1932 contain like definitions of capital gain. From 1921 to 1929 the Commissioner held that such gain did not arise from redemption. In 1929 the Board of Tax Appeals held otherwise. Werner v. Commissioner, 15 B. T. A. 482. But in 1932 it definitely overruled that determination. Watson v. Commissioner, 27 B. T. A. 463.

---

[1] Revenue Act 1921 (November 23, 1921, c. 136, 42 Stat. 227, 232) provides—

"Sec. 206. (a) That for the purpose of this title:

(1) The term 'capital gain' means taxable gain from the sale or exchange of capital assets consummated after December 31, 1921."

This provision without material change was reënacted by Revenue Act 1924 (June 2, 1924, c. 234, § 208 (a) (1), 43 Stat. 253, 262); Revenue Act 1926 (February 26, 1926, c. 27, § 208 (a) (1), 44 Stat. 9, 19); Revenue Act 1928 (May 29, 1928, c. 852, § 101 (c) (1), 45 Stat. 791, 811); Revenue Act of 1932 (June 6, 1932, c. 209, § 101 (c) (1), 47 Stat. 169, 191).

438

The Revenue Act 1934 (May 10, 1934, c. 277, 48 Stat. 680, 714–715) provides—

"SEC. 117. CAPITAL GAINS AND LOSSES.

(a) General Rule.—In the case of a taxpayer, other than a corporation, only the following percentages of the gain or loss recognized upon the sale or exchange of a capital asset shall be taken into account in computing net income: . . .

(f) Retirement of Bonds, Etc.—For the purposes of this title, amounts received by the holder upon the retirement of bonds, debentures, notes, or certificates or other evidences of indebtedness issued by any corporation (including those issued by a government or political subdivision thereof), with interest coupons or in registered form, shall be considered as amounts received in exchange therefor."

What we regard as the correct meaning of the definition of capital gain in the Revenue Act 1921 and its four successors is accentuated by long-continued executive construction, also the last conclusion of the Board of Tax Appeals.

The Circuit Court of Appeals below was right in holding that by the Act 1934 Congress did not attempt to construe the prior Acts and purposely made a material addition thereto. · In *Averill* v. *Commissioner*, 101 F. 2d 644, the Circuit Court of Appeals First Circuit acted upon a different view. This conflict caused us to bring up the present cause notwithstanding the application for certiorari had been denied earlier in the term.

The challenged judgment must be

*Affirmed.*