## BUELL v. COMMISSIONER OF INTERNAL REVENUE.
### No. 1801.

Circuit Court of Appeals, Tenth Circuit.

Aug. 22, 1939.

George R. Blodgett, of Boston, Mass. (John T. Noonan and Alex J. McFarland, both of Boston, Mass., on the brief), for petitioner.

Warren F. Wattles, Sp. Asst. to Atty. Gen. (James W. Morris, Asst. Atty. Gen., and Sewall Key, Sp. Asst. to Atty. Gen., on the brief), for respondent.

Before PHILLIPS, BRATTON, and HUXMAN, Circuit Judges.

PHILLIPS, Circuit Judge.

This is a petition to review a decision of the United States Board of Tax Appeals involving income taxes of J. Garfield Buell for the calendar years 1931 and 1932 in the amounts of $10,398.25 and $6,292.99, respectively.

The material facts were stipulated and are as follows:

Buell and Seth W. Herndon were the sole stockholders of the Bu-Vi-Bar Petroleum Corporation,[1] having owned such stock for more than two years prior to 1930. In December, 1930, Bu-Vi-Bar, pursuant to a plan of reorganization, transferred all its assets to the Portland Oil Company[2] in exchange for 1440 shares of the capital stock and $960,000 of 60-year 6 per cent convertible coupon gold bonds of Portland. The stock and bonds were distributed ratably between Buell and Herndon in complete cancellation and redemption of the outstanding capital stock of Bu-Vi-Bar. Buell received 1080 shares of stock and $720,000 of bonds. No gain or loss was recognized in pursuance of such transaction. Buell allocated a part of the cost of the stock of Bu-Vi-Bar to the stock of Portland received by him and a part of such cost to the bonds of Portland received by him.

The bonds were callable at the option of Portland on thirty days' written notice to bondholders. They also gave the bondholders the option to convert their bonds into Portland stock at any time prior to maturity or before the date fixed for payment in the call.

On April 21, 1931, the Board of Directors of Portland, of which Buell was a member, voted to call for redemption $130,000 principal amount of its bonds and adopted a resolution authorizing the officers of the company to determine the bonds or portion thereof to be redeemed, to give the required notices of call, and to pay the redemption price and accrued interest in accordance with such notice and the terms of the bonds.

Buell, Herndon, Gertrude Woods Herndon, Betty Jane Buell, and Ethel P. Buell were the holders of all the bonds of Portland. On April 21, 1931, Buell, knowing of such resolution and not desiring to avail himself of the option to convert, by a letter addressed to Portland, waived notice of call and offered $100,000 of his bonds

[1] Hereinafter referred to as Bu-Vi-Bar.

[2] Hereinafter referred to as Portland.

for payment. On the same day he presented such bonds to Portland and received therefor $100,000, with accrued interest. Buell realized a profit of $85,583.34 on such transaction and reported such amount in his income tax return for the year 1931 as a capital gain. The Commissioner disallowed such amount as a capital gain, held that it was taxable as ordinary income, and proposed a deficiency of $10,398.25 thereon.

On January 2, 1932, the Board of Directors of Portland adopted a resolution pursuant to the provision contained in its bonds authorizing a call for redemption of $140,000 principal amount of said bonds and providing for the giving of notice. Notice was given by Portland to Buell that $70,000 principal amount of bonds registered in his name had been called for redemption. Such bonds were presented for payment and Buell realized a profit of $59,908.34, which he reported in his income tax return for the year 1932 as a capital gain. The Commissioner also disallowed this amount as a capital gain, held that it was taxable as ordinary income, and proposed a deficiency of $6,292.99.

The Board of Tax Appeals sustained the determinations of the Commissioner for both years.

The only question presented here is whether the gains realized by Buell from redemptions during the taxable years 1931 and 1932 by Portland constituted capital gains or ordinary income.

■ Buell now concedes that under the decision in Fairbanks v. United States, 306 U.S. 436, 59 S.Ct. 607, 83 L.Ed. —, the gain in 1932 was ordinary income. He contends, however, that since no notice was given pursuant to the resolution adopted by the Board of Directors of Portland in 1931 the transaction between him and Portland in that year was a voluntary negotiation by which the corporation agreed to purchase and he agreed to sell bonds in the amount of $100,000, and is not ruled by Fairbanks v. United States, supra.

■ The bonds gave Portland the right to retire them at any time it chose to do so by giving thirty days' notice to the holders of the bonds. The 1931 resolution authorized the president or vice president to give on behalf of Portland the notice of redemption required by the bonds, and to pay the redemption price and accrued in-

terest in accordance with such notice and the terms of the bonds. No authorization was given to engage in negotiations for the purchase of such bonds. Buell by waiving notice of call and offering $100,000 of his bonds for redemption on the same day the resolution was passed, made it unnecessary to give written notice of the call to him. Had Buell not waived notice, no doubt notice would have issued in 1931 as it did in 1932 and admittedly then the transaction would have been a redemption and payment of the bonds and not a sale and transfer of capital assets. The omission of notice, due to Buell's waiver, did not change the nature of the transaction. There was a payment in strict accordance with the terms of the bonds, except as to notice, which term was expressly waived by Buell. It was a redemption, not a purchase, by Portland. United States v. Fairbanks, 9 Cir., 95 F.2d 794, 796; Id., 306 U.S. 436, 59 S.Ct. 607, 83 L.Ed. 855.

Affirmed.