W. MORGAN SHUSTER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 94869. Promulgated June 28, 1940.

*Howe P. Cochran, Esq.*, for the petitioner.
*Benjamin M. Brodsky, Esq.*, for the respondent.

OPINION.

OPPER: It will greatly simplify consideration of the contested issue if it is emphasized at the outset that the transaction whereby petitioner received the sums in controversy was one between himself, the original and continuing obligee, and his employer, the original and continuing obligor. Thus, cases which consider arrangements whereby income has been assigned to third persons and received by them are not controlling. Cf. *Lucas* v. *Earl*, 281 U. S. 111; *Burnet* v. *Leininger*, 285 U. S. 136; *Commissioner* v. *Ross*, 83 Fed. (2d) 18; *Shanley* v. *Bowers*, 81 Fed. (2d) 13. These payments came directly into the hands of petitioner, were never assigned by him to any one else, and were in payment of obligations incurred in his favor because of services rendered by him. Such vexed questions as the effect of assignments to others of future or past earnings, or of property rights based thereon, need, therefore, not concern us.

Similarly, the payments in question constituted a settlement by petitioner directly with his obligor. It follows that cases holding that the disposition of obligations to third persons are sales or exchanges thereof and the gains resulting are capital gains, are equally inapplicable. Cf. *Thurlow E. McFall*, 34 B. T. A. 108; *Josephine C. Bowen*, 37 B. T. A. 412; *Gladstone Co., Ltd.*, 35 B. T. A. 764; *Harold S. Denniston*, 37 B. T. A. 834; *James R. Stewart*, 39 B. T. A. 87; *Ralph Perkins*, 41 B. T. A. 1225. Settlement with an obligor and payment by him of all or a part of the amount due under the obligation is not a sale or exchange thereof. *Hale* v. *Helvering*, 85 Fed. (2d) 819; *Fairbanks* v. *United States*, 306 U. S. 436.

The result is that whether or not petitioner's original claim for services rendered was converted into a capital asset by the 1928 contract, a point we need not decide, the payments received thereunder by petitioner from the obligor in 1933 were not the result of a sale or exchange and the capital gains provisions are inapplicable. Revenue Act of 1932, sec. 101 (c) (1). The payments resulted in the receipt of ordinary income and, since petitioner was on a cash basis and the contract cost him nothing, the entire amount was income in the year of receipt.

This factor disposes also of petitioner's alternative contention that the payments were income in the year when they were contracted for. If petitioner had been on an accrual basis it may be that the determination in 1928 of the amount of his previously disputed

earnings and the creation of a definite obligation therefor might have constituted income in that year, even though payment was still dependent on the receipt of sufficient earnings by the corporation. But to conclude that the settlement of the dispute in 1928 with no accompanying cash payment made the petitioner taxable in that year on the cash receipts theory is to eliminate all distinction between that method and the accrual basis. *Schlemmer* v. *United States*, 94 Fed. (2d) 77 (C. C. A., 2d Cir.). That petitioner himself recognized this is demonstrated by his failure to return as income any amount not received by him in cash. If more were needed, that alone would be sufficient to defeat his claim. *Commissioner* v. *Moore*, 48 Fed. (2d) 526; certiorari denied, 284 U. S. 620.

*Decision will be entered under Rule 50.*