**WILLIAM FLACCUS OAK LEATHER CO. v. COMMISSIONER OF INTERNAL REVENUE.**

No. 7420.

Circuit Court of Appeals, Third Circuit.

Sept. 13, 1940.

John A. McCann, of Pittsburgh, Pa., for petitioner.

Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key, Lee A. Jackson, and John A. Gage, Sp. Assts. to Atty. Gen., for respondent.

Before JONES and GOODRICH, Circuit Judges, and GANEY, District Judge.

GOODRICH, Circuit Judge.

This case comes before the court on petition to review a decision of the United States Board of Tax Appeals in favor of the respondent, Commissioner of Internal Revenue. It presents the question whether money received as insurance for the loss by fire of capital assets is to be treated as ordinary gain or capital gain to the extent that those funds are not reinvested in property similar to that destroyed.

Upon the destruction in 1935 of its plant by fire petitioner received as insurance for the loss of buildings, machinery and equipment $73,132.50. The taxpayer did not expend any of this money to replace the destroyed property, and since the latter had been entirely depreciated for income tax purposes prior to the fire, the total amount was taxable gain to the petitioner. The sole issue is whether the gain is to be treated as ordinary income or as capital gain. The petitioner treated it as capital gain and set it off, together with other capital gain not here in issue, against capital losses in the year 1935. The Commissioner, determining that the insurance proceeds were ordinary income, disallowed the offset. The Commissioner then added the insurance proceeds to ordinary income, and was sustained by the Board of Tax Appeals.

The Revenue Act of 1934, § 117(d), 26 U.S.C.A.Int.Rev.Acts, page 708, provides that "Losses from sales or exchanges of capital assets shall be allowed only to the extent of $2,000 plus the gains from such sales or exchanges." The point at issue here is whether the gain from the receipt of the insurance money was realized from a sale or exchange.

It is good sense and good law that as a general proposition the term "sale or exchange", like other words in a revenue act, is to be accorded its ordinary meaning and is not to be tortured into strained construction. Thus this court held that the redemption of notes by the obligor did not constitute a sale or exchange of the notes by the holder, and the profit realized was ordinary as distinguished from capital gain, Felin v. Kyle, 3 Cir., 1939, 102 F.2d 349; and this view was confirmed by the Supreme Court in Fairbanks v. United States, 1939, 306 U.S. 436, 59 S.Ct. 607, 83 L.Ed. 855.[1] In Hale v. Helvering,

---

[1] The Felin case was decided under the Revenue Act of 1932, and the Fairbanks case under the Revenue Acts of 1926 and 1928. The Revenue Act of 1934 spe-

784

1936, 66 App.D.C. 242, 85 F.2d 819, it was held that the compromise of promissory notes for less than their face value when the maker was able to pay in full was not a sale or exchange of capital assets.[2] In Burnet v. Harmel, 1932, 287 U.S. 103, 53 S.Ct. 74, 75, 77 L.Ed. 199, it was held that amounts received by the owner of land from oil and gas leases were not "gain from the sale or exchange of capital assets", notwithstanding the fact that under the applicable state law the leases operated to pass title to the oil and gas immediately upon execution.[3]

The latest pronouncements of this court on the subject are Commissioner of Int. Rev. v. Freihofer, 3 Cir., 1939, 102 F.2d 787, 125 A.L.R. 761, and Polin v. Commissioner of Int. Rev., 3 Cir., 114 F.2d 174, decided August 12, 1940. In the Freihofer case it was held that a loss resulting to the owner of land from the foreclosure of a mortgage lien thereon was an ordinary as distinguished from a capital loss. In that case this court took the position that only sales voluntarily made by a taxpayer are included in § 117 of the Act of 1934. The same result was reached by the Sixth Circuit in Commissioner of Int. Rev. v. Hammel, 1940, 108 F.2d 753. The Second Circuit reached a contrary conclusion in Commissioner of Int. Rev. v. Electro-Chemical Engraving Co., 1940, 110 F.2d 614.[4] In the Polin case it was held that the abandonment and surrender without consideration of mortgaged property by the mortgagor was not a sale or exchange.

It is clear that a realization of loss or gain by the receipt of insurance after the destruction of property is not a sale or exchange in the usual sense of those words, and it is equally clear that the usual sense ordinarily governs. But of course the Congress may provide that a particular transaction which ordinarily would fall outside of the scope of the meaning of "sale or exchange", may be treated as though it were a sale or exchange. Thus § 117(f) of the 1934 Act provides that amounts received upon the retirement of "bonds, debentures, notes, or certificates or other evidences of indebtedness * * * shall be considered as amounts received in exchange therefor." It is argued, and we think soundly, that the Congress has so provided with respect to the transaction here in question.

Section 112 of the Act of 1934, 26 U.S.C.A.Int.Rev.Code, § 112(a, f), provides, inter alia:

"(a) *General rule.* Upon the sale or exchange of property the entire amount of the gain or loss, determined under section 111, shall be recognized, except as hereinafter provided in this section. * * *

"(f) *Involuntary conversions.* If property (as a result of its destruction in whole or in part, theft or seizure, or an exercise of the power of requisition or condemnation, or the threat or imminence thereof) is compulsorily or involuntarily converted into property similar or related in service or use to the property so converted, or into money which is forthwith in good faith, under regulations prescribed by the Commissioner with the approval of the Secretary, expended in the acquisition of other property similar or related in service or use to the property so converted, or in the acquisition of control of a corporation owning such other property, or in the establishment of a replacement fund, no gain or loss shall be recognized. If any part of the money is not so expended, the gain, if any, shall be recognized, but in an amount not in excess of the money which is not so expended."

It will be noted that subsection (f) is an exception to subsection (a) which states the general rule with respect to *a sale or exchange.* This would seem to indicate that the Congress chose to classify, for tax purposes, the involuntary conversion of property by destruction (and other named involuntary methods) as a sale or exchange of that property. No reason is suggested why the term "sale or exchange" should have any different meaning in § 117 than in § 112. This conclusion is further fortified when it is noted that in § 111(a) and (b) Congress speaks of the gain from the *sale or other disposition* of property, whereas in § 111(c) in providing that § 112 should govern the recognition of gain or loss, it speaks of a *sale or exchange.* 26 U.S.C.A. Int.Rev.Code, § 111(a–c). We hold, therefore, that the gain realized upon the receipt of insurance

---

cifically provides that amounts received upon the retirement of notes, bonds, etc., shall be treated as having been "received in exchange therefor." § 117(f).

[2] Under the Revenue Act of 1928.
[3] Under the Revenue Act of 1924.
[4] Certiorari granted June 3, 1940, 310 U.S. 622, 60 S.Ct. 1097, 84 L.Ed. 1395.

for the destruction of capital assets is a capital gain within the meaning of § 117(f).

The conclusion here reached is contrary to that reached in Herder v. Helvering, 1939, 70 App.D.C. 287, 106 F.2d 153.[5] It does not appear from the opinion that the ground upon which we rest our decision was presented to that court. It seems that it was there argued that the insurance proceeds came within the terms of § 117(f) as amounts received " * * * upon the retirement of bonds, debentures, notes, or certificates or other evidences of indebtedness * * *."

The decision of the Board of Tax Appeals is therefore reversed.

---

5 Certiorari denied, 1939, 308 U.S. 617, 60 S.Ct. 262, 84 L.Ed. 515.