## OSENBACH v. COMMISSIONER OF INTERNAL REVENUE.

No. 6413.

United States Court of Appeals
Fourth Circuit.

Argued June 19, 1952.

Decided July 24, 1952.

James Mullen, Richmond, Va. (Williams, Mullen, Pollard & Rogers, Richmond, Va., on brief), for petitioner.

I. Henry Kutz, Special Asst. to Atty. Gen. (Ellis N. Slack, Acting Asst. Atty. Gen., on brief), for respondent.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

DOBIE, Circuit Judge.

This is a petition filed by Mace Osenbach (hereinafter called petitioner) for the review of a decision of the Tax Court of the United States which found a deficiency against the petitioner in his income tax for the year 1944 in the amount of $1,717.05.

The facts, which were stipulated, may be briefly summarized. Federal Service Bureau, Incorporated, on December 1, 1941, purchased the remaining assets of American Bank and Trust Company of Richmond, which had been placed in receiver-

ship on January 9, 1933. During 1944 and for more than six months prior thereto petitioner owned one-half of the outstanding capital stock of the corporation.

On November 29, 1944, the directors of Federal Service adopted, and the stockholders approved, a plan of complete liquidation under the provisions of Section 112(b) (7) of the Internal Revenue Code, 26 U.S.C.A. § 112(b) (7). Pursuant to said plan all of the assets of the corporation were distributed in kind pro rata to the stockholders in cancellation of, and in exchange for, the stock of the corporation held by them. The corporation was forthwith dissolved.

All requirements of Section 112(b) (7) of the Internal Revenue Code were complied with and all shareholders, including petitioner, elected to have the gain resulting from such liquidation treated as provided by Section 112(b) (7) of the Code. The necessary elections and information returns prescribed by the Treasury Department were timely filed.

The assets distributed in liquidation on December 1, 1944, consisted primarily of loans, discounts, real estate mortgages, securities, life insurance policies, claims and other like items. During 1944, collections were made upon sundry of these items resulting in net gain of $6,847.41, of which petitioner received one-half, or $3,423.71. Petitioner reported this item as long term capital gain. The Commissioner disallowed this treatment and treated this income as ordinary income realized "in the disposition of assets received upon liquidation of the Federal Service Bureau, Incorporated." The result of the Commissioner's determination was the deficiency in petitioner's income tax previously mentioned.

A single question is presented by this appeal: Was the gain received by the petitioner capital gain, taxable as such, or ordinary income, where, upon liquidation of a corporation under Section 112(b) (7) of the Internal Revenue Code, petitioner elected not to have the gain recognized, as provided in the statute, and where the assets received in kind by petitioner, in exchange for his stock, and upon surrender thereof for cancellation, consisted of loans, dis-

counts, real estate mortgages, securities, life insurance policies and claims subsequently collected by petitioner? The decision of the Tax Court in this case is discussed at some length in Eaton, "Liquidation under Section 112(b) (7)," 38 Va.L. Rev. 1. See, also, Krekstein, "Section 112 (b) (7) Liquidations," 55 Dickinson L.Rev. 189, 201.

Petitioner contends that Section 112(b) (7) merely postpones the recognition and taxation of the gain that would otherwise be recognized on liquidation; that the gain which would otherwise be recognized, except for an election under 112(b) (7), would be capital gain, and that consequently, Section 112(b) (7) does not convert a capital gain into ordinary income, but merely defers the recognition and taxation of the capital gain. Petitioner further insists that Section 112(b) (7) was intended as a relief provision and should therefore be liberally construed and that postponement of gain under Section 112(b) (7) is essentially comparable to and should follow the established principles of such cases as Commissioner v. Carter, 2 Cir., 170 F.2d 911, affirming 9 T.C. 364, and Westover v. Smith, 9 Cir., 173 F.2d 90.

To state the problem differently, the question is whether under Section 112(b) (7) the liquidation without recognition is to be considered a closed transaction, separate and unrelated to the subsequent realization on the assets distributed in such liquidation, or whether such liquidation is not to be considered a closed transaction but merely the first step in an integrated series of which subsequent realization is the culmination. The Commissioner treats the liquidation as a closed transaction. Petitioner considers the liquidation as an open transaction until realization on the liquidated assets. The liquidation, petitioner asserts, stamps the character of the transaction as a capital one and the subsequent realization measures the gain, and gives the cue for tax incidence.

█ It is quite clear that ordinarily (apart from special statutes such as Section 112(b) (7), which we are now considering,) when a taxpayer makes a gain from the sale or exchange of a claim or chose in

action, this is taxable as a capital gain; while if the gain results from the collection of the claim or chose in action, this is taxable as ordinary income. Fairbanks v. United States, 306 U.S. 436, 59 S.Ct. 607, 83 L.Ed. 855; Herbert's Estate v. Commissioner, 3 Cir., 139 F.2d 756, 758; Lee v. Commissioner, 7 Cir., 119 F.2d 946; Helvering v. Roth, 2 Cir., 115 F.2d 239, 241; Bingham v. Commissioner, 2 Cir., 105 F.2d 971, 972; Hale v. Helvering, 66 App. D.C. 242, 85 F.2d 819. See, also, Cooper v. Commissioner, 4 Cir., 197 F.2d 951.

■ Petitioner meets this by asserting that the corporate liquidation, under which the claims or choses in action were received in return for his stock in the corporation, provides the requisite exchange which makes his gain here capital gain. This argument is met by the Commissioner, under the closed transaction theory as to the corporate liquidation, by the contention that the tax category into which petitioner's gain falls is determined by the method he adopts to realize on the claims or choses in action, here by collection; and that, consequently, the collection stamps the income not as capital gain but as ordinary income, taxable as such.

We think the position of the Commissioner, followed by the Tax Court, is sound. The decision of the Tax Court must, therefore, be affirmed.

■ It is true, as petitioner asserts, that Section 112(b) (7) was designed as a relief measure which would encourage the dissolution of holding corporations. This is quite clear in the light of the statute's legislative history. Yet we think that this history also shows that the statute was enacted primarily for holding corporations whose assets consisted for the most part of stock in other corporations rather than for corporations of the type now before us. Again, liquidation under Section 112(b) (7) was expressly made elective by Congress. The responsibility of choice was completely that of the taxpayer, who may not fairly complain if, having made the election, the results are not as advantageous as he had hoped. Congress did not try to provide a panacea for all the ills to which shareholders in holding corporations might be heir.

If Congress intended that the transaction should not in its entirety be regarded as closed, we think there would have been express specific provisions in the statute for future taxation of such part as was not regarded as closed. Subsequent transactions must stand on their own feet and be taxable at ordinary or at capital rates depending upon whether or not they fall within the terms of Section 117 which limits "capital gain" to "gain from the sale or exchange of a capital asset". Here taxpayer's subsequent dealings with the loans, discounts, and other claims, did not involve a sale or exchange but collection, and hence, could not qualify as capital transactions, even though his title to the assets had originated in the closed, completed liquidation under Section 112(b) (7).

This brings us to the cases of Westover v. Smith, 9 Cir., 173 F.2d 90, and Commissioner v. Carter, 2 Cir., 170 F.2d 911, upon which petitioner heavily relies. Judge Disney, writing the majority opinion of the Tax Court in the instant case, distinguished those cases on the ground that there (which is not true in our case) the assets received by the taxpayer had no readily ascertainable market value. In the Carter case, these assets were personal service contracts where the personal services had been performed; in the Smith case, the amounts later received were royalty payments under a contract. Judge Turner, concurring in the result, held that the Carter and Smith cases were incorrectly decided.

We do not think it necessary to choose between the divergent views of Judges Disney and Turner as to the Smith and Carter cases. We content ourselves with holding that we do not regard those cases as controlling the disposition of the instant case before us.

To summarize, we hold that the corporate dissolution, with the acquisition of claims or choses in action, by the taxpayer in return for his corporate stock, was a closed transaction; and that the nature of the subsequent gain of taxpayer, from a tax standpoint, is to be determined by the method adopted by taxpayer in realizing on those claims or choses in action, not by the nature of the prior transaction (the

corporate dissolution) whereby taxpayer acquired these items. Since the taxpayer did not sell or exchange these items, but on the contrary collected them, the gain thereby realized constituted not capital gain but ordinary income and was taxable as such.

The decision of the Tax Court of the United States is, accordingly, affirmed.

Affirmed.