**GREEN et al. v. UNITED STATES.**

No. Civ. 43–52.

United States District Court
D. Nebraska, Omaha Division.

July 3, 1953.

———◆———

J. D. Cranny, J. P. Moore, Omaha, Neb., for plaintiffs.

Joseph T. Votava, U. S. Atty., Omaha, Neb., for defendant.

DONOHOE, Chief Judge.

This is a suit for a refund of certain income taxes which petitioners allege were erroneously assessed and collected from the taxpayer, a decedent whom they represent. Jurisdiction of the action is vested in this Court by section 1346 of Title 28 U.S.C.A.

The parties have filed a stipulation, File No. 5, which the Court hereby approves, accepts and adopts in toto as the "Findings by the Court" in keeping with Rule 52(a), Federal Rules of Civil Procedure, 28 U.S. C.A.

Representatives of the taxpayer seek the advantages of treating as a long term capital gain under section 117, Title 26, U.S.C.A., the sum of $4,210 received on November 6, 1947, by the taxpayer. Since the record fails to establish that the $4,210 was received from a *"sale or exchange"* of a capital asset the taxpayer is not entitled to the benefits of Section 117. See 26 U.S. C.A. § 117(a) (4); Fairbanks v. United States, 306 U.S. 436, 437, 59 S.Ct. 607, 83 L.Ed. 855; Lee v. C. I. R., 7 Cir., 119 F.2d

946; Osenbach v. C. I. R., 4 Cir., 198 F.2d 235.

For the reasons stated petitioners' claim for refund must be denied. Counsel for the Government shall prepare and submit for approval the appropriate judgment to be entered in accordance with this memorandum.

### Stipulation

It is stipulated by and between the answering plaintiffs and defendant as follows:

–1–

This action is brought under Title 28, United States Code, Section 1346(a) (1). The plaintiffs' claim does not exceed the sum of $10,000 and arises under the Internal Revenue laws of the United States, as hereinafter more fully appears.

–2–

Plaintiffs have a claim for refund of $1,-374.89, being the additional taxes and interest thereon paid by T. F. Green by and through his estate to the Collector of Internal Revenue for the District of Nebraska, on October 11, 1951, as additional income for the calendar year of 1947, which said sum plaintiffs claim was wrongfully assessed and collected by the Commissioner of Internal Revenue of the United States.

–3–

That the said T. F. Green died testate in Douglas County, Nebraska, on February 13, 1951; that his will was admitted to probate in the County Court of Douglas County, Nebraska, on the 15th day of March, 1951; that a decree on final account in said estate was entered in said Court on the 8th day of March, 1952, and assigned the personal property of said deceased, including this claim, to the plaintiffs in accordance with the will hereinabove referred to, to-wit: an undivided one-half interest to Lucile J. Green (widow), and the other undivided one-half share in equal shares to his three children, to-wit: Harry E. Green, Lucile M. Nordgren, and Frances H. Roberts; that all of said plaintiffs are residents and citizens of Valley, Douglas County, Nebraska, and reside within the Omaha Division of the District Court of the United States for the Nebraska District.

–4–

The provision of the law under which said claimed wrongful assessment and collection were made is contained in an act of Congress known as the Revenue Act, as amended.

–5–

That on January 26, 1935, the Depositors' Committee of the Valley State Bank, Valley, Nebraska, as plaintiff, secured the entry of a judgment against Delbert Samson, as defendant, in the District Court of Douglas County, Docket 308, No. 363, in the amount of $2,024.29, with interest at 6%, and costs of $17.05; that a transcript of said judgment was filed in the office of the Clerk of the District Court of Dodge County, Nebraska.

That on February 5, 1935, the Depositors' Committee of the Valley State Bank, Valley, Nebraska, as plaintiff, secured the entry of a judgment against George Samson and Bertha Samson, as defendants, in the District Court of Dodge County, Nebraska, in the amount of $4,809.32, with interest at 10%, and costs of $13.17; that a transcript of said judgment was filed in the office of the Clerk of the District Court of Douglas County, Nebraska.

That both of the aforesaid judgments and liens were duly kept alive by timely Writs of Execution, all of which were returned unsatisfied.

That the Depositors' Committee of the Valley State Bank assigned said judgments to Edward J. Robins, for himself and his associate, T. F. Green, share and share alike, but title thereto was taken in the name of E. J. Robins.

That on April 24, 1947, the mother of the above judgment debtors, Delbert Samson, George Samson, and Bertha Samson, died and that the judgments above described became liens upon certain land owned by the said deceased mother and which lands in part descended to said Delbert Samson and George Samson, to-wit: The Northeast Quarter of the Southeast Quarter (NE¼ SE¼), and the South Half of the South-

east Quarter (S½SE¼), of Section 31, Township 17, Range 10 East of the 6th P.M., Dodge County, Nebraska, and The West Half of the Northeast Quarter (W½ NE¼) of Section 5, Township 16, Range 10, Douglas County, Nebraska.

That subsequently and on May 23, 1947, the heirs of said deceased mother filed suit in partition in the District Court of Dodge County, entitled Esther Bowers, plaintiff, against Delbert Samson, George Samson, and Bertha Samson, and others, including said E. J. Robins, on account of said judgments, for the purpose or partitioning the above described real estate; that on July 23, 1947, a decree in Partition was entered in said case, and a referee appointed, who reported that the partition could not be made, and thereafter an order was entered confirming the report and directing the sale of the above described real estate; that said land was sold on partition on September 22, 1947, and the Referee in Partition paid to the said Edward J. Robins, as assignee, for himself and T. F. Green, the sum of $9,900, in payment and by virtue of the judgment liens on the said real estate above described.

That the said Edward J. Robins, on November 6, 1947, paid to T. F. Green, the sum of $4,210, representing his half interest in the aforesaid judgments and liens, less attorneys' fees and expenses.

–6–

That by virtue of the sale of said land as enumerated in paragraph 5 hereof, T. F. Green made a net gain of $4,210 (all cost basis in the acquisition of said judgments having theretofore been absorbed), which he claim was and which he reported as a long term capital gain in his 1947 income tax return, and thereafter during the year of 1948 duly paid to the Collector of Internal Revenue for the District of Nebraska then in office, the income tax assessed upon such return.

–7–

Thereafter, the Commissioner of Internal Revenue caused the aforesaid return of T. F. Green for the year 1947 to be examined and, as a result of such examination, the Commissioner determined that there was a deficiency in income tax due from the said T. F. Green for the calendar year 1947, in the amount of $1,134.84 and assessed against the estate of T. F. Green as additional income tax for the calendar year of 1947, the sum of $1,134.84. In reaching his determination that there was a deficiency in income tax due from T. F. Green for the year 1947, the Commissioner of Internal Revenue, among other adjustments which are not disputed by the taxpayer, refused to allow said $4,210 received from Robins as a long term capital gain, and instead listed the same as an ordinary gain, and included the entire profit of $4,210 as ordinary income instead of 50% thereof, or $2,105.

–8–

Thereafter, the Defendant through the Collector of Internal Revenue for the District of Nebraska demanded of T. F. Green and his estate the sum of $1,134.84, as additional income tax for the year 1947 and in addition thereto, the sum of $239.25 as interest upon such additional tax.

–9–

On the 11th day of October, 1951, Harry E. Green, who was then acting as Executor under the will of T. F. Green, deceased, paid to the defendant, and the Defendant collected from said Executor and Estate, as additional income tax for the year 1947, the sum of $1,134.84, and as interest upon such additional tax, the sum of $239.25.

–10–

That on or about the 16th day of October, 1951, the said executor duly filed with the defendant a claim for the refund of $1,374.89, alleged to have been erroneously and illegally assessed against the estate of T. F. Green, deceased, and collected from it as income tax and interest thereon for the calendar year of 1947. A true copy of said claim for refund, marked Exhibit "A", is attached to the Petition.

–11–

That on April 8, 1952, the Commissioner of Internal Revenue notified plaintiffs of the rejection and disallowance of the aforesaid claim for refund.

–12–

Although repayment thereof has been demanded, no part of the said sum of $1,374.89 has been credited, remitted, refunded or repaid to the plaintiffs or to any one of their accounts. That if plaintiffs are entitled to recover, the amount of any such recovery shall be such amount as taxpayer's taxes were increased by treating the $4,210 as ordinary income and not as a long term capital gain plus interest. The exact amount will be furnished on recomputation.