Harold W. MILLER and Elizabeth H. Miller, Plaintiffs,

v.

UNITED STATES of America, Seldon R. Glenn, former Collector of Internal Revenue, and William M. Gray, Director of Internal Revenue, Defendants.

Civ. A. No. 2648.

United States District Court
W. D. Kentucky,
Louisville Division.

Oct. 31, 1957.

Louis Seelbach, Albert F. Reutlinger, Louisville, Ky., for plaintiffs.

J. Leonard Walker, U. S. Atty., Louisville, Ky., for defendants.

SHELBOURNE, Chief Judge.

This case is before the Court for a final judgment in accordance with the mandate of the United States Court of Appeals for the Sixth Circuit, 235 F.2d 553, received and filed herein on the 20th day of September, 1956, reversing the judgment of this Court entered on January 14, 1955, 130 F.Supp. 914, dismissing the complaint.

In accordance with the opinion and mandate of the Court of Appeals, there is now no question but that the plaintiff, Harold W. Miller, is entitled to a judgment in the sum of $13,139.35 with interest from August 1, 1952, and that plaintiffs Harold W. Miller and Elizabeth H. Miller are entitled jointly to a judgment in the sum of $4,633.26 with interest from August 1, 1952, representing the amount of taxes overpaid by the plaintiffs for the year 1947.

With respect to the claim of Harold W. Miller and Elizabeth H. Miller for a refund of taxes paid by them for the years 1948, 1949, and 1950 there is controversy.

It is contended by the plaintiffs that the collections on the second mortgages transferred to Harold W. Miller in liquidation of the Melrose Manor Corporation should be taxed on the basis of capital gain.

The Government contends, on the other hand, that those collections should be taxed as ordinary income; that Harold W. Miller and Elizabeth H. Miller, not having overpaid their tax liabilities for the years 1948, 1949, and 1950 if their tax is ascertained on the basis of ordinary income, are not entitled to any recovery for those years, and that the complaint, so far as it seeks a recovery for those years, should be dismissed.

Plaintiff taxpayers, with respect to whether their tax is ascertainable as capital gain rather than ordinary income, rely upon Westover v. Smith, 9 Cir., 173

F.2d 90, Commissioner of Internal Revenue v. Carter, 2 Cir., 170 F.2d 911, and Bradford v. Commissioner, 22 T.C. 1057.

The Government relies upon Helvering v. Roth, 2 Cir., 115 F.2d 239, but mainly upon the case of Osenbach v. Commissioner of Internal Revenue, 4 Cir., 198 F.2d 235, 237. In the latter case it is clearly held that when a taxpayer makes a gain from the sale or exchange of claims or choses in action, such as the second mortgage obligations involved in the case at bar, this is taxable as a capital gain; but "if the gain results from the collection of the claim or chose in action, this is taxable as ordinary income." Therefore, the nature of the gain to the taxpayer is determined by the method adopted by the taxpayer in realizing on the chose in action and not by the nature of the transaction whereby the taxpayer acquired the item.

 It is true in this case that the taxpayers treated the gain in the years 1948, 1949, and 1950 as realized on capital assets, and they complain that the Government should have attacked such treatment in the pleadings in this case. This leaves out the important consideration always present in actions of this kind that the burden lies with the taxpayer. In Lewis v. Reynolds, 284 U.S. 281, 52 S.Ct. 145, 76 L.Ed. 293, the Supreme Court holds that a taxpayer is not entitled to a refund unless he has overpaid his taxes, and then only to the extent his taxes have been overpaid. Therefore, the plaintiff, Harold W. Miller, is entitled to a judgment of $13,139-.35 with interest from August 1, 1952, and the plaintiffs, Harold W. Miller and Elizabeth H. Miller, to a judgment of $4,633.26 with interest from August 1, 1952, and their claims for refund for the years 1948, 1949, and 1950 should be disallowed.

A judgment so disposing of this case will be tendered by counsel for the Government upon notice to counsel for the plaintiffs.