OPINION. Rice, Judge: .Petitioners argue that their interest in the Hildebrand employment contract “and the Tanker ‘ToRrance Hills’ constituted property”; that “Hildebrand’s transfer of such interest constituted a sale”; and that they “properly treated the receipts from such sale as Capital Gains.” Petitioners’ position is wholly untenable in the face of the facts of the record before us. Hildebrand secured a valuable employment contract by virtue of the services which he performed for Donner in connection with the purchase of the tanker and for the services which he agreed to perform for it during the ensuing 6-year period. While that contract in the abstract might be property, Hort v. Commissioner, 313 U. S. 28 (1941); Shuster v. Helvering, 121 F. 2d 643 (C. A. 2, 1941), affirming 42 B. T. A. 255 (1940), the commutation of the amounts due thereunder into a lump-sum figure does not change the basic nature of such payment to proceeds from the sale of a capital asset which would be taxable as capital gains. The commutation payment was compensation just as surely as were the periodic payments which the petitioners received under the contract and reported as such. Hort v. Commissioner, supra; Shuster v. Helvering, supra; General Artists Corporation, 17 T. C. 1517 (1952), affd. 205 F. 2d 360 (C. A. 2, 1953), certiorari denied 346 U. S. 866 (1953); F. W. Jessop, 16 T. C. 491 (1951); George K. Gann, 41 B. T. A. 388 (1940); and Thurlow E. McFall, 34 B. T. A. 108 (1936). See Fairbanks v. United States, 306 U. S. 436 (1939). Insofar as this record shows, the petitioners had no interest, as such, in the tanker and owned no part of it. Certainly, Hildebrand’s employment contract gave them none. That contract was solely an employment contract. The fact that it called for services in connection with the tanker did not give Hildebrand a property interest in the subject matter of his employment. Section 22 (a) provides that gross income includes gains, profits, and income derived from salaries, wages, or compensation for personal services. Clearly, all amounts which the petitioners received under Hildebrand’s contract with Donner fall plainly within the express provisions of the statute. The fact that the last three payments due under the contract were commuted to a lump-sum payment makes them nonetheless compensation for services. As the Supreme Court said of a similar payment in Hort v. Commissioner, supra at 31: “It must be regarded as ordinary income, and it is immaterial that for some purposes the contract creating the right to such payments may be treated as ‘property’ or ‘capital’.” The commutation payment involved nothing more than a relinquishment by Hildebrand of the right to future compensation in return for a present substitute payment. We conclude that the respondent did not err in determining that such payment which the petitioners received in 1950 constituted ordinary income. The record leaves much to be desired insofar as petitioner Gordon’s receipt of a share of both the periodic and the lump-sum payment is concerned. Presumably, the respondent determined the deficiency against him on the assumption that Gordon had participated with Hildebrand in securing the tanker for Donner; was to assist Hildebrand in the performance of the services called for under the contract ; and, that the amounts which Gordon received from Hildebrand were therefore compensation for services, taxable as ordinary income, even though the employment contract under which such payments were received was exclusively between Donner and Hildebrand, and was not assignable by Hildebrand without Donner’s consent. Petitioner Gordon did not appear at the hearing, and the only reference as to how and why he acquired an interest in the contract was Hildebrand’s statement from the witness stand that there was a division of the amounts received under the contract on a 50-50 basis. Since Gordon has not seen fit to explain to the Court the circumstances under which he became entitled to share in the payments under the contract, and has argued his case, on brief, as if he stood in exactly the same position as Hildebrand, we uphold the determination of the deficiency in his income tax as we do that of Hildebrand. Decisions will be entered, for the respondent.