**Harold W. MILLER et al., Appellants,**

v.

**UNITED STATES of America et al., Appellees.**

**No. 13480.**

United States Court of Appeals Sixth Circuit.

Dec. 16, 1958.

Albert Reutlinger, Middleton, Seelbach, Wolford, Willis & Cochran, Louisville, Ky., for appellant.

Charles K. Rice, Asst. Atty. Gen., and Louise Foster, Washington, D. C., J. Leonard Walker, Wm. B. Jones, Louisville, Ky., for appellee.

Before ALLEN, Chief Judge, and SIMONS and MARTIN, Circuit Judges.

PER CURIAM.

On a former appeal by the taxpayers from a judgment of the district court denying refund of income and excess profits taxes in this case, D.C.W.D.Ky., 130 F.Supp. 914, we reversed the judgment and remanded the cause with directions that the refund claims of the taxpayers be allowed in conformity with the principles declared in our opinion, 6 Cir., 235 F.2d 553.

We held that the taxpayers—having made no attempt to escape or avoid legitimate taxation and having paid income taxes on the full amount realized from the second mortgage notes involved, as and when taxpayers collected payment therefor—should not be charged with the twenty-five percent valuation arbitrarily placed by the Commissioner of Internal Revenue on such second mortgage notes, in view of the fact that such notes, according to overwhelming evidence disclosed in the record, had no market value.

■ On remand, the United States District Judge entered judgment for the taxpayer, Harold W. Miller, for $17,772.-61, the amount of taxes overpaid by the taxpayers for the year 1947; but disallowed claims for refund of taxes to Mr. and Mrs. Miller for the years 1948, 1949 and 1950. The district judge followed the holding of the United States Court of Appeals for the Fourth Circuit in Osenbach v. Commissioner, 198 F.2d 235, holding that while ordinarily the gain of a

taxpayer from sale or exchange of a claim or chose in action is taxable as capital gain, the gain of the taxpayer resulting from the *collection* of a claim or chose in action is taxable as ordinary income. He applied that doctrine to the instant case. He held, further, that in actions of this kind the burden lies with the taxpayer. The judge cited Lewis v. Reynolds, 284 U.S. 281, 52 S.Ct. 145, 76 L.Ed. 293, holding that a taxpayer is not entitled to a refund unless he has overpaid his taxes, and then only to the extent that his taxes have been overpaid. He, therefore, disallowed claims of the taxpayers for refunds for the years 1948, 1949 and 1950.

For the reasons stated in the memorandum opinion of District Judge Shelbourne, D.C., 155 F.Supp. 767, his judgment is affirmed.