**Robert A. RIDDELL, Appellant,**

v.

**Leon W. SCALES et al., Appellees.**

**Nos. 22013, 22018.**

United States Court of Appeals
Ninth Circuit.

Jan. 22, 1969.

HUFSTEDLER, Circuit Judge:

The taxpayers in these six consolidated actions obtained summary judgment in the District Court upholding their contentions that (1) gain derived from payment of two promissory notes held in trust for their benefit was taxable as capital gain, not ordinary income, and (2) gain derived from their profit interest in joint venture real estate was likewise taxable as capital gain, not ordinary income. The Government appeals.[1]

The pertinent facts are not in dispute. On April 9, 1953, Kearney Park Development Corp. ("Kearney Park") contracted to buy certain unimproved realty located near Miramar Naval Air Station in San Diego, California. As part of the purchase price Kearney Park gave one note for $80,000 and a second note for $553,750, each of which was secured by a deed of trust. At the time of the purchase, the land was subject to a prior improvement lien. By 1955 the notes were in default, and the improvement bond payments and the taxes were delinquent. During the same year news was released that the Navy might acquire the land to expand the Miramar flight pattern. In 1956 a real estate dealer, B. B. Margolis, and the taxpayers in this case bought the $80,000 note for $30,000 and the $553,750 note for $270,000 and placed the notes in two simple holding trusts. The trust declaration provided that the trustors, representing sixty per cent of the beneficial ownership, could instruct the trustee to dispose of the corpus or could enter into agreements with the owner of the security to participate in any gain realized from the sale of the property.

On June 15, 1956, Margolis and the taxpayers, acting through the trust, agreed with Kearney Park to postpone payment of the notes and to waive all past defaults and to pay the delinquent installments on the improvement bonds and the taxes. The parties further agreed that upon the sale or condemnation of the land, the proceeds would be disbursed in the following order: (1) to pay off the bonds and the taxes; (2) to pay principal and interest on the notes; (3) to reimburse the trusts for advancements; (4) to pay Kearney Park its original investment in the land; and

1. The taxpayers moved to dismiss this appeal on the ground that no appeal lies because the judgment from which the appeal is taken was a consent or stipulated judgment. This court denied the motion by order, and the taxpayers' petition for certiorari to the United States Supreme Court was denied. (Scales v. Riddell (1968) 390 U.S. 957.) The taxpayers assert that the above order decided only that a timely notice of appeal had been filed by the Government. Our review of the record reveals that the judgment was not a consent or stipulated judgment, and we therefore have no occasion to reconsider our prior order denying the taxpayers' motion to dismiss.

(5) to divide the balance equally between Kearney Park and the trusts. The trusts' right to share in the gain on sale or other disposition of the land was secured by a further deed of trust.

In March 1958 Kearney Park and the trusts entered an agreement to sell a portion of the land to the Navy. In April 1958 Margolis sold his beneficial interest in the trusts to one of the taxpayers. The sale to the Navy was ultimately completed, and the proceeds were distributed to the taxpayers in accordance with their agreement. The assets distributed included the principal and interest collected on the notes, the trusts' share of the purchase price of the land, and an undivided interest in the unsold portion of the land.

In Margolis v. Commissioner of Internal Revenue (9 Cir. 1964) 337 F.2d 1001, 1008–1009, modified (1964) 339 F.2d 537, this court considered the tax consequences to Margolis of these transactions. Margolis' beneficial interests in the trusts represented two distinct rights: (1) his right to payment of principal and interest due on the notes and (2) his right to share in any gain realized upon the sale or other disposition of the land. We held that to the extent that Margolis' share in the unpaid principal of the notes exceeded his basis, the sum attributable to his interest in the notes received upon his disposition of his beneficial interest in the trusts was capital gain. However, insofar as his sale of his beneficial interest in the trusts was attributable to his interest in the gain on sale of the land, the gain realized was ordinary income, rather than capital gain, because Margolis was individually in the business of buying and selling real estate.

Both the taxpayers and the Government rely on the *Margolis* decision and accept its division of the taypayers' interests in the trusts into two distinct rights. We are called upon to decide whether and to what extent the tax consequences of the transactions to the present taxpayers differ from those to Margolis.

█ █   The District Court held that the profit realized from the payment in full of the notes purchased by the taxpayers at a discount was capital gain except for that portion of the payment representing interest. We do not agree. Capital gains treatment is available only when there has been a technical *sale or exchange* of a capital asset. (26 U.S.C. § 1222.) Margolis met this requirement by selling his beneficial interest in the trusts, including his interest in the notes. The present taxpayers neither sold nor exchanged their interests in the notes; they held the notes until they were paid by the maker. "It is well settled that where a note is paid by or on behalf of the maker in satisfaction of the maker's liability thereon, a sale or exchange of property * * does not result." (Lee v. Commissioner of Internal Revenue (7 Cir. 1941) 119 F.2d 946, 948; see Fairbanks v. United States (1939) 306 U.S. 436, 59 S.Ct. 607, 83 L.Ed. 855; Phillips v. Frank (9 Cir. 1961) 295 F.2d 629, 633, Section 1232 of 26 U.S.C., which makes the retirement of certain indebtedness an exchange, does not apply to the taxpayers' notes.

The Government admits that the taxpayers' receipt through the trusts of a share of the gain realized upon the sale of the land by Kearney Park to the Navy was gain from the sale or exchange of property. It contends, however, that the taxpayers' interests in the land were not capital assets because the taxpayers held the land primarily for sale to customers in the ordinary course of business within the meaning of 26 U.S.C. § 1221(1). The Government's contention rests solely upon the taxpayers' association with Margolis, who was a real estate dealer, in a joint venture concerning the real property in issue. It is undisputed that the taxpayers were not otherwise engaged in the business of buying and selling land on their own account. We reject the Government's contentions.

█   Margolis' intent and purpose to hold his equitable interest in the land

for sale in the ordinary course of his business cannot be imputed to the present taxpayers. "Not all participants in a joint venture need have the same intent and purpose. 'For some it may be just a step in carrying on their business; for others it may be merely a single opportune investment with a view of ultimate profit but unrelated to any business of the participant.'" (United States v. Rosebrook (9 Cir. 1963) 318 F.2d 316, 319.) The present taxpayers did not become real estate dealers solely because they were associated in a joint venture with a real estate dealer.

The alternative contention of the Government is that the taxpayers became real estate dealers by embarking upon the joint venture with respect to the very parcel of land in issue. The Government says: "Where two or more individuals combine in a joint enterprise for their mutual benefit, with an understanding that they are to share in the profits or losses, each is to have a voice in the management, and the venture acquires property and holds it for sale to customers in the ordinary course of business of such venture, the profits are clearly taxable as ordinary income rather than as capital gains. Luckey v. Commissioner, 334 F.2d 719 (C.A. 9th); Brady v. Commissioner, 25 T.C. 682; see also Bauschard v. Commissioner, 279 F.2d 115 (C.A. 6th)."

The cases relied upon by the Government do not support the broad proposition for which they are cited. In those cases the taxpayers entered a joint venture to acquire, subdivide, and sell real property. The joint venture in each instance was itself conducting an active real estate business. None of these cases stands for the principle that every joint venture which has as its object the acquisition and sale of a parcel of property as a speculative investment conducts a real estate business.

Taxpayers who are not themselves engaged in the business of dealing in real property can form a joint venture for the purpose of acquiring and disposing of a parcel of property as an investment without thereby becoming real estate dealers. Their venture is not a trade or business within the meaning of 26 U.S.C. section 1221(1). (Commissioner of Internal Revenue v. Williams (5 Cir. 1956) 256 F.2d 152, 155.) In the present case the operations of the joint venturers were restricted to those necessary to the realization of a profit on a speculative investment by the taxpayers. The land was neither subdivided nor developed by the joint venture. The trustee representing the joint venturers merely negotiated the agreement with Kearney Park, assisted in the completion of the sale to the Navy, and distributed the amount realized on the transactions to the beneficiaries of the trust.

The District Court's decision that the gain realized from the sale of the land was as to these taxpayers capital gain and not ordinary income is correct.

That portion of the judgment ordering a refund to the taxpayers of part of the taxes paid upon the gain realized from the payment of the notes purchased at a discount is reversed; the judgment in all other respects is affirmed.