GEORGE J. LENTZ AND GENEVIEVE LENTZ, ET AL.,[1] PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 59044, 59045, 59046, 59081. Filed September 13, 1957.

*Samuel Markowitz, Esq.,* and *James E. O'Kane, Esq.,* for the petitioners.

*Joseph F. Lawless, Jr., Esq.,* for the respondent.

[1] Proceedings of the following petitioners are consolidated herewith: Josiah P. Huntoon and Lila G. Huntoon, Docket No. 59045; Walter Russell and Helen Y. Russell, Docket No. 59046; Edward Travers B. King and Madge King, Docket No. 59081.

## OPINION.

Van Fossan, *Judge:* The question presented is whether sums paid to stockholder-distributees of a liquidated corporation as commissions on mortgage commitments previously arranged by the corporation constituted ordinary income or capital gain, when the rights to receive these commissions were contingent upon the fruition of mortgage commitments, were distributed to the stockholders as liquidating dividends, and had no ascertainable fair market value at the date of distribution.

Petitioners were the sole stockholders of Huntoon, Paige and Company, Inc., mortgage brokers. The company arranged commitments between purchasers and sellers of mortgages, charging a commission for its services, payable when a mortgage transaction was actually concluded. The company did not engage in the purchase or sale of mortgages. Its work was substantially completed when the commitments were arranged.

On November 15, 1950, the company was liquidated and its assets distributed to the stockholders. Among the dividends distributed were contingent rights to future commissions on mortgage transactions, the commitments for which had been arranged by the company prior to its liquidation but which had not theretofore culminated in completed sales. These rights to receive future commissions had no ascertainable fair market value at the time of liquidation. All of the stockholders received commissions subsequent to November 15, 1950, upon consummation of some of these commitments. Each of the stockholders reported the sums realized as long-term capital gains.

1162

The petitioners contend that under section 115 (c), I. R. C. 1939,[2] the exchange of their stock for the assets of Huntoon, Paige and Company, Inc., resulted in capital gain and, since the rights to receive future commissions had had no ascertainable fair market value, the subsequent receipts were simply additional capital gain from the liquidation. We agree with this contention.

It has been repeatedly held that when contractual rights having no ascertainable fair market value are received in exchange for stock, no gain is realized until payments exceed the cost basis and thereafter the payments are fixed as capital gains. *J. C. Bradford*, 22 T. C. 1057 (1954) ; *Westover* v. *Smith*, 173 F. 2d 90 (1949) ; *Susan J. Carter*, 9 T. C. 364, affd. 170 F. 2d 911 (1948). The foundation stone of these cases is *Burnet* v. *Logan*, 283 U. S. 404 (1931).

In the above-cited cases the rights to receipt of future payment were subject to a contingency which rendered their value unascertainable. In each, nothing remained to be done by the company to earn the sums involved, but the amounts to be received were contingent upon an act or acts to be performed by others.

It is this factor of unascertainable valuation which caused the courts to hold the liquidation transactions open until the returns were received, thus allowing an accurate monetary valuation to be affixed to the rights. *Westover* v. *Smith*, *supra; Burnet* v. *Logan*, *supra*.

In the instant case the contingency involved the completion of mortgage transactions by others, pursuant to commitments arranged by Huntoon, Paige and Company, Inc. This situation falls clearly within the limits of the above decisions. It is immaterial that the rights to future commissions did not acquire a mantle of enforcibility until the mortgage transactions were completed.

Therefore, following the theory first advanced in *Burnet* v. *Logan*, *supra*, the subsequent receipt of commissions by the stockhold-distributees should be treated as part of the liquidation transaction.

Since the total value of cash and assets previously received by the distributees exceeded the cost basis of their stock, the total amount of

---

[2] SEC. 115. DISTRIBUTIONS BY CORPORATIONS.

(c) DISTRIBUTION IN LIQUIDATION.—Amounts distributed in complete liquidation of a corporation shall be treated as in full payment in exchange for the stock, and amounts distributed in partial liquidation of a corporation shall be treated as in part or full payment in exchange for the stock. The gain or loss to the distributee resulting from such exchange shall be determined under section 111, but shall be recognized only to the extent provided in section 112. In the case of amounts distributed (whether before January 1, 1939, or on or after such date) in partial liquidation (other than a distribution to which the provisions of subsection (h) of this section are applicable) the part of such distribution which is properly chargeable to capital account shall not be considered a distribution of earnings or profits. * * *

the commissions received later constituted capital gain. Sec. 111 (a), I. R. C. 1939.[3]

The organization of a partnership to carry on the brokerage business does not defeat the petitioners' claim. Addition of a new member was sufficient reason for a change in form of the business organization.

*Mace Osenbach*, 17 T. C. 797, affd. 198 F. 2d 235 (1952), relied upon by the respondent, held a corporate liquidation to be a closed transaction and amounts subsequently received under contractual rights to be ordinary income. The case is not in point. The liquidation in that case was carried out under section 112 (b) (7), an elective provision providing for the postponement of recognition of capital gain. That section is not involved here.

*Jud Plumbing & Heating, Inc.* v. *Commissioner*, 153 F. 2d 681 (1946), and *United States* v. *Lynch*, 192 F. 2d 718 (1951), certiorari denied 343 U. S. 934, also cited by the respondent, can be distinguished on their facts. Huntoon, Paige and Company, Inc., operated on the cash method of accounting. The *Jud Plumbing* case involved the completed contracts method and the *Lynch* case the accrual method. In both, the right to receive income was fixed, and in the *Jud* case income had already been received.

*Lee* v. *Commissioner*, 119 F. 2d 946 (1941), and *Fairbanks* v. *United States*, 306 U. S. 436 (1939), can also be distinguished on their facts.

We hold that the amounts received by petitioners during the years 1950, 1951, and 1952 as commissions on mortgage commitments constituted capital gains.

*Decisions will be entered under Rule 50.*

---

[3] SEC. 111. DETERMINATION OF AMOUNT OF, AND RECOGNITION OF, GAIN OR LOSS.

(a) COMPUTATION OF GAIN OR LOSS.—The gain from the sale or other disposition of property shall be the excess of the amount realized therefrom over the adjusted basis provided in section 113(b) for determining gain, and the loss shall be the excess of the adjusted basis provided in such section for determining loss over the amount realized.