**H. D. McDONALD and Lucile McDonald, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

**No. 4815.**

United States District Court
W. D. Washington, N. D.
Feb. 22, 1960.

for them in the final corporate income tax return. The refund claims were not listed as an asset item in the closing balance sheet of the corporation nor were such assets included in the dissolution schedules of the final tax return or otherwise referred to therein.

After extended negotiations continuing beyond the liquidation-dissolution date of August 31, 1953, plaintiffs received payments of $27,135.58 in 1954 and $20,024.43 in 1955 upon allowance of the duty refund claims. The question now presented is whether in the recited circumstances the moneys paid on the refund tax claims are to be treated as ordinary income or capital gains to plaintiffs in the computation of their individual income tax liability for the years in which the payments were received.

The government asserts (1) that at the time of the liquidation distribution, for all practical purposes and for income tax purposes in particular, the refund claims were treated as worthless; and (2) that the corporate liquidation and dissolution became a finally closed transaction upon the distribution of assets in 1953 and that therefore the corporation was not the source of the refund claim payments to plaintiffs entitling them to capital gains treatment on the moneys so received under I.R.C.1939 § 115(c), 26 U.S.C.A. § 115(c).

In the pretrial order the parties agreed that no issue of fact was presented. The issues of law stated in the order imply that when distributed to plaintiffs the refund claims had value but not ascertainable fair market value. Several inferences reasonably to be drawn from the agreed facts indicate the claims had some value at the time of the liquidation distribution. The very negotiation on the claims which extended beyond the liquidation date shows the claims were recognized as having some value and the ultimate payment thereof in substantial amounts supports the same conclusion. The stipulation in the agreed facts that at the time of the liquidation distribution the claims were determined by plaintiffs to have no ascertainable fair market

Rosling, Williams, Lanza & Kastner and William D. Cameron, Seattle, Wash., for plaintiffs.

Charles P. Moriarty, U. S. Atty., Seattle, Wash., and Charles H. Magnuson, Atty., Tax Division, U. S. Dept. of Justice, Washington, D. C., for defendant.

BOLDT, District Judge.

Plaintiff taxpayers were the sole owners of all of the outstanding capital stock of I. E. Powers, Inc., a corporation engaged primarily in the importation of power saws, incorporated July 18, 1945 and dissolved under the laws of the state of incorporation August 31, 1953. All corporate assets were distributed to plaintiffs at book value and for income tax purposes capital gains treatment was allowed for all assets listed in the liquidation-dissolution schedule of the final corporate income tax return. Included in the assets acquired by plaintiffs on the corporate dissolution were certain then pending custom duty refund claims.

At the time of the corporate liquidation, the refund claims were treated by plaintiffs as having no ascertainable fair market value and no value was reported

value does not directly or indirectly imply that plaintiffs considered the claims worthless. Since the claims were contested it was impossible to determine the amount of recovery, if any, until final action thereon.

If challenged other than upon the agreed facts in the pretrial order, the good faith and validity of plaintiffs' assertion that when distributed the claims had no ascertainable fair market value might have been supported by evidence as a fact contention of the government. No such proof was offered. On the issues as presented the court finds that the refund claims had value but not ascertainable fair market value at the time of the liquidation distribution.

Where an asset has no ascertainable fair market value at the time of a distribution upon a corporate liquidation the transaction for income tax purposes remains open and moneys received in subsequent realization upon the asset are entitled to capital gain treatment. As stated in Lentz v. Commissioner, 1957, 28 T.C. 1157:

"It has been repeatedly held that when contractual rights having no ascertainable fair market value are received in exchange for stock, no gain is realized until payments exceed the cost basis and thereafter the payments are fixed as capital gains. J. C. Bradford, 1954, 22 T.C. 1057; Westover v. Smith, [9 Cir.], 1949, 173 F.2d 90; Susan J. Carter, 9 T.C. 364, aff[irme]d [2 Cir.], 1948, 170 F.2d 911. The foundation stone of these cases is Burnet v. Logan, 1931, 283 U.S. 404 [51 S.Ct. 550, 75 L.Ed. 1143]."

"It is this factor of unascertainable valuation which caused the courts to hold the liquidation transactions open until the returns were received, thus allowing an accurate monetary valuation to be affixed to the rights. Westover v. Smith, supra; Burnet v. Logan, supra."

The Lentz case distinguished Osenbach v. Commissioner, 4 Cir., 1952, 198 F.2d 235, cited and relied on by counsel

for the government. The Osenbach case involved § 112(b) (7) Int.Rev.Code of 1939, 26 U.S.C.A. § 112(b) (7), an elective provision for postponement of recognition of capital gain and the asset involved in that case had an ascertainable fair market value at the time the corporation was liquidated. In the present case a different section of the Act, Int.Rev. Code of 1939 § 115(c), controls and the asset in question had no ascertainable fair market value when received by the taxpayer.

Under the rationale of Burnet v. Logan, supra, J. C. Bradford, supra; Westover v. Smith, supra, Susan J. Carter, supra, and Lentz v. Commissioner, supra, the receipt of payments on the custom duty refund claims subsequent to their liquidation distribution to plaintiffs should be treated as part of the liquidation transaction. Accordingly, under the provisions of Int.Rev.Code of 1939, § 115 (c) plaintiffs are entitled to treat as capital gains the payments so received. So ordered.