## FELIN v. KYLE, Formerly Acting Collector of Internal Revenue (two cases).
### Nos. 6774, 6775.

Circuit Court of Appeals, Third Circuit.
Feb. 20, 1939.

BUFFINGTON, Circuit Judge, dissenting.

———◆———

Bertram P. Rambo, and Rambo, Rambo & Knox, all of Philadelphia, Pa., for appellants.

James W. Morris, Asst. Atty. Gen., Sewall Key, Norman D. Keller, and J. Leonard Lyons, Sp. Assts. to Atty. Gen., J. Cullen Ganey, U. S. Atty., of Bethlehem, Pa., and Thomas J. Curtin, Asst. U. S. Atty., of Philadelphia, Pa., for appellee.

Before BUFFINGTON, DAVIS, and THOMPSON, Circuit Judges.

DAVIS, Circuit Judge.

The question here involved is whether certain income received by the appellants was "capital gain", as reported by them in their income tax return for 1932, or ordinary income.

The commissioner held that it was ordinary income, taxable at a higher rate, and on this basis determined deficiencies against the appellants. They paid the alleged deficiencies and brought suit in the District Court against the appellee, formerly acting collector of internal revenue, to recover the amounts so paid. The District Court held that the profit was ordinary income and entered judgment for the appellee. This appeal was thereupon taken.

In 1928, the Charles F. Felin Lumber Company, hereinafter called the Lumber Company, in which the appellants were stockholders, was purchased by or merged into the Lumber and Millwork Company of Philadelphia, hereinafter called the Millwork Company. In exchange for their

stock in the Lumber Company, the appellants received certain 6½% sinking fund gold notes of the Millwork Company.

In 1932, certain builders were heavily indebted to the Millwork Company. They offered to satisfy part of their obligations by transferring to the Millwork Company mortgages held by them. The Millwork Company, however, refused such a method of payment. After several discussions, the appellants agreed to exchange some of their gold notes for some of the mortgages held by the builders and left the details of the matter to the discretion of the Millwork Company. The following transactions were then carried out: The Millwork Company redeemed and cancelled gold notes held by the appellants, amounting to $28,000, and paid them interest totalling $951.22. Of these amounts, only $1,251.22 was placed at their disposal. With the balance of $27,700, the Millwork Company purchased for the appellants certain mortgages from the builders. The builders thereupon applied that amount in reduction of their debts to the Millwork Company.

The appellants realized taxable income as a result of the redemption of the gold notes which they reported as "capital gain" in their income tax returns for that year. As indicated above, however, deficiency assessments were made against them on the ground that the profit realized by them was not "capital gain" but was ordinary income, taxable at a higher rate.

As the gold notes so redeemed had been owned by the appellants "for more than two years" they were "capital assets" within the meaning of Section 101(c) (8) of the Revenue Act of 1932, 47 Stat. 191, 26 U.S.C.A. § 101 note. If the appellants had disposed of them by means of a "sale or exchange" then the profit realized would have been "capital gain" as defined in Section 101(c) (1) of the Act.

The basic question, therefore, is whether or not the redemption of these notes constituted a sale or exchange within the meaning of the act.

It is true that the word "redemption" is defined as a "buying back; a purchase back; a repurchase". 53 C.J. 664, 665; Black's Law Dictionary; Webster's Dictionary. However, as so defined, it is used chiefly in connection with the redemption by a mortgagor of his mortgaged property, or by a pledgor of pledged property or in similar situations. See 53 C.J. 664, 665. When it is applied to a transaction in which a corporation redeems certain outstanding bonds or notes, for the purpose of cancelling them, the word "redemption" carries with it the idea of "paying back" or "satisfying one's indebtedness", rather than any thought of "buying" or "purchasing". As stated in Hale v. Helvering, 66 App.D.C. 242, 85 F.2d 819, 821, in such a situation there is "no acquisition of property by the debtor, no transfer of property to him". The Circuit Court of Appeals for the Ninth Circuit succinctly stated this principle as follows: "Between the redemption of a bond and the sale or exchange thereof, there is a clear distinction. Such redemption is merely the payment of an obligation according to its terms. It is in no wise a sale or exchange." United States v. Fairbanks, 95 F.2d 794, 796; Watson v. Commissioner, 27 B.T.A. 463, 465.

Since the appellants did not dispose of the notes by either a sale or exchange, the profit received by them from the transaction was ordinary income.

The judgment for the appellee is affirmed.

BUFFINGTON, Circuit Judge, dissents.