ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

May 14, 2008

Mr. Ralph J. Bernsen, Sr.                        Opinion No. GA-0628
Medina County Attorney
3rd Floor, Medina County Courthouse              Re:   Whether a county may terminate an
Hondo, Texas 78861                               equipment lease by acquiring the equipment and
                                                 selling it without competitively bidding the sale
                                                 (RQ-0651-GA)

Dear Mr. Bernsen:

You ask whether Medina County may terminate an equipment lease by acquiring the equipment and selling it without competitively bidding the sale.[1] Caterpillar Financial Services Corporation ("CFSC") leased a "Caterpillar Motor Grader" to the county.[2] You inform us that the lease agreement allows the county at the end of the lease term to either return the equipment to CFSC or purchase the equipment. Request Letter, *supra* note 1, at 1. You state that the county has opted to return the equipment. *Id.* You inform us, however, that "the current title holder of the equipment is [CFSC] and the equipment needs to be transferred to Holt Caterpillar, Inc. ['Holt Caterpillar']," suggesting that CFSC and Holt Caterpillar are separate entities. *Id.* You further state that CFSC "intends to transfer the property to Medina County and wants Medina County to transfer the property" to Holt Caterpillar. *Id.* Finally, you state that "Holt Caterpillar paid [the] County $15,000 for the equipment." *Id.*

You relate that the county auditor "is of the opinion that if the property goes into the inventory of Medina County, no matter for what purpose," then the County is statutorily required "to seek bids for the sale of the property." *Id.* at 2. You disagree, opining that "the transfer of the property is merely a vehicle to exercise the option to return the property to Holt Caterpillar under the option in the contract to return the property at the end of the term of the Lease/Purchase contract." *Id.* at 1–2. You ask "whether . . . it is necessary to seek bids on the equipment when the transfer is merely a vehicle to exercise the return option in the Lease/Purchase contract." *Id.* at 2.

---

[1]*See* Letter from Honorable Ralph J. Bernsen, Sr., Medina County Attorney, to the Office of Attorney General, at 1 (Nov. 26, 2007) (on file with the Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

[2]*See* [CFSC] Long Term Rental Agreement–[Between Medina County, Texas, Pct # 1, Lessee, and [CFSC], Lessor; Utilization Date: 8/04/2002 ] (unsigned copy on file with the Opinion Committee).

By "transfer of the equipment," we assume that you mean that CFSC intends to transfer *ownership* of the equipment to the county, and the county would then transfer ownership to Holt Caterpillar. Otherwise, if the county is merely returning property it has leased but never owned, it is difficult to discern the basis for your question. And because you state that Holt Caterpillar paid the county $15,000 "for the equipment," we assume the transfer of ownership from the county to Holt Caterpillar is a sale. Consequently, we will review the applicability of statutory bidding requirements to a county's contracts to sell its property such as heavy road equipment.

A commissioners court's contracting authority ultimately must be based on the constitution or a statute. *See City of San Antonio v. City of Boerne*, 111 S.W.3d 22, 29 (Tex. 2003) (stating that "a commissioners court's power is limited to that which is expressly delegated to it by the Texas Constitution or Legislature, or necessarily implied to perform its duties"); *Jack v. State*, 694 S.W.2d 391, 397 (Tex. App.—San Antonio 1985, writ ref'd n.r.e.) (holding that a commissioners court's authority "to make contracts in behalf of the county is limited to that conferred either expressly or by necessary implication by the constitution and laws of this state"). Chapter 263 of the Local Government Code broadly governs a county's sale or lease of its real and personal property. *See* TEX. LOC. GOV'T CODE ANN. §§ 263.001–.158 (Vernon 2005 & Supp. 2007). *See generally* Tex. Att'y Gen. Op. No. GA-0533 (2007) at 4–5 (describing scope of chapter 263). Within Chapter 263, section 263.152 of the Local Government Code authorizes a county to dispose of its personal property as "salvage property" or "surplus property." *See id.* § 263.152(a) (Vernon Supp. 2007). "Salvage property" is personal property that, for various reasons, "has no value for the purpose for which it was originally intended." *Id.* § 263.151(1) (Vernon 2005). "Surplus property" is personal property "that possesses some usefulness for the purpose for which it was intended," but that is not currently needed by the owner nor required for the owner's foreseeable needs. *Id.* § 263.151(2).

Section 263.152 authorizes a county to dispose of surplus or salvage property by several different means. *See id.* § 263.152 (Vernon Supp. 2007)[3] Subsection (a)(1) sets forth the county's general authority to sell salvage or surplus property:

> (a)    The commissioners court of a county may:
>
> (1)    periodically sell the county's surplus or salvage property by *competitive bid or auction*, except that competitive bidding or an auction is not necessary if the purchaser is another county or a
>
> political subdivision within the county that is selling the surplus or salvage property.

*Id.* § 263.152(a)(1) (emphasis added). In other words, subsection (a)(1) authorizes a county to sell its surplus or salvage property to a private party, but only by competitive bid or auction. We are not

---

[3]Not pertinent to your question, section 263.152 authorizes a commissioners court to trade in, destroy, donate, or transfer property under specified circumstances. *Id.* § 263.152(a)–(a-1) (Vernon Supp. 2007).

aware of any provision that allows a county to sell its personal property such as road equipment to a private party without following procedures for competitive bidding or an auction.[4]

---

[4]You have suggested that section 263.152(b) may be pertinent to your question but do not explain the statute's relevance. *See* Request Letter, *supra* note 1, at 1. Section 263.152(b) provides:

> If the property is earth-moving, material-handling, road maintenance, or construction equipment, the commissioners court may exercise a repurchase option in a contract in disposing of property under Subsection (a)(1) or (a)(2). The repurchase price of equipment contained in a previously accepted purchase contract is considered a bid under Subsection (a)(1) or (a)(2).

TEX. LOC. GOV'T CODE ANN. § 263.152(b) (Vernon Supp. 2007). By its terms, this subsection concerns only contracts containing a repurchase provision. You do not suggest that the transactions you describe involved the commissioners court's exercise of a repurchase option, or that the county accepted a "repurchase price of equipment contained in a previously accepted purchase contract." *Id.* Moreover, the ordinary meaning of "repurchase" denotes a transaction whereby a buyer sells property back to the original seller. *See, e.g., Felin v. Kyle*, 102 F.2d 349, 350 (3d Cir. 1939) (noting that the word "redemption" in certain circumstances is defined as "buying back; a purchase back; a repurchase"); *Lusher v. First Nat'l Bank of Fort Worth*, 260 S.W.2d 621, 628 (Tex. Civ. App.—Fort Worth 1953, writ ref'd n.r.e.) (determining that sale of property with agreement that seller may purchase property within a reasonable time was an unconditional sale with an option to repurchase); *Young v. Fitts*, 183 S.W.2d 186, 190–91 (Tex. Civ. App.—Fort Worth 1944, writ ref'd w.o.m.) (construing contract granting seller of land the right to purchase the property during a certain term as an "option to 'redeem' or repurchase the land"). From your description of the facts, it seems unlikely that section 263.152(b) has any application to the transactions here.

## S U M M A R Y

A county that terminates a lease of a motor grader by acquiring the equipment generally must follow competitive bidding requirements before selling it to a private party.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

KENT C. SULLIVAN
First Assistant Attorney General

ANDREW WEBER
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

William A. Hill
Assistant Attorney General, Opinion Committee